IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IMRAN QURASHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-784-A |
| | § | |
| PAMELA BATES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the above-captioned action wherein plaintiff is Imran Qurashi and defendant is Pamela Bates. Having considered the filings, the record, and applicable authorities, the court concludes that the above-captioned action should be remanded to the state court from which it was removed.

I.

Background

A. Plaintiff's State Court Pleading

Plaintiff initiated this action on October 5, 2015, by filing an original petition in the Justice Court, Precinct Seven. The petition is a sworn complaint for eviction.

B. The Removal to This Court

Defendant removed the action to this court alleging that this court has subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332, and amount in controversy

in excess of the sum or value of $75,000, exclusive of interest and costs. In addition, plaintiff claims there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. The alleged federal question arises from the Fair Debt Collection Practices Act.

II.

Legal Principles of Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

III.

Analysis

A.  <u>Federal Question Jurisdiction</u>

Under 28 U.S.C. § 1331, this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is well established that federal question jurisdiction is determined solely on from what appears on the face of plaintiff's complaint. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S. 1, 9-10 (1983). A case may not be removed to federal court on the basis of a federal defense. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

In this case, plaintiff's complaint is based entirely on eviction. Doc.[2] 1 at 5. Nothing in plaintiff's complaint alleges anything arising under the "Constitution, laws, or treaties of the United States." It is defendant that is asserting the alleged

---

[2] The "Doc. \_" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-784-A.

federal question in the form of defenses under the Fair Debt Collection Act. Doc. 1 at 2. Such defenses cannot stand as the basis for removal to federal court.

B. Diversity Jurisdiction

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Defendant also claims the court has diversity jurisdiction under § 1332. However, the civil cover sheet attached to defendant's notice of removal clearly indicates that both plaintiff and defendant reside in Tarrant County, Texas. Doc. 1 at 14. Thus, defendant has failed to establish that both plaintiff and defendant are citizens of different states and cannot establish diversity jurisdiction for removal to federal court.

C. Conclusion

For the reasons given above, defendant has not carried her burden of establishing that federal subject matter jurisdiction exists in this case.

## IV.

### Order

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 25, 2015.

_____
JOHN McBRYDE
United States District Judge